Derbigny, J.
delivered the opinion of the court. A bond was subscribed by the defendant, as surety for one Boudreau, the object of which was to secure the present plaintiff against any loss which he might suffer, in consequence of an attachment sued out against him, in case that attachment should not be prosecuted to effect.
Boudreaux, having failed in that action, was sued for damages by the plaintiff who obtained judgment against him ; and, after a return of nulla bona on the writ of execution issued on said judgment, the present defendant is sued upon the bond.
It appears that, on the trial of the present case, no other evidence was offered by the plaintiff than the record of the suit in which he succeeded against Boudreaux-but that the district court thought that evidence sufficient to warrant a judgment against his surety.
Two principal grounds of defence are relied on by the appellant-1. That the bond is not a valid one-2. That, admitting it to be valid, no proof has been adduced against him of the *194 amount of damages for which he may be liable, as surety for Boudreaux.
1. His first position is sub-divided into several points, most of which tend to shew that the bond is irregular ; but such allegations from the mouth of an obligor ought not to be listened to: they are silenced by that law, already referred to by this court in other cases, which prescribe, "that in whatever manner a person shall appear to have deemed it proper to bind himself towards another, he shall remain bound." Recop. de Cast. 5, 16. One objection, however, is entitled to more attention than the others : it is that by which the defendant has endeavored to establish that, at the time this bond was sub~ scribed, no such bond was required by law to obtain an attachment, and that this is consequently an obligaion without cause. The premises may be true ; but the consequence does not necessarily follow. A voluntary promise to indemnify another against any loss which he may suffer by an act of ours, is surely not an obligation without cause on the part of the principal obligor; and, if valid on his part, must be equally binding on the person who joins him in the obligation, and agrees to indemnity the obligee, if the principal obligor the principal obligor *195 does not. The bond, therefore, is viewed by this court as a valid obligation on the part of both the principal and his surety.
II. But the defendant objects that, if his obligation is binding, it is so only so far as the loss suffered by the, plaintiff shall be proved to amount. The plaintiff has, indeed, made such proof in his suit against Boudreaux-but in that the defendant was no party. In the present action, he has produced no other testimony than, the record of his suit against the principal obligor, and has relied on that to obtain judgment against his surety.
There is no rule of our laws better understood than that which allows to the surety the right of availing himself of the same means of defence (save those that are merely personal) which the principal debtor could resort to. That principle is founded on the sacred maxim, that no one ought to be condemned without being heard, and consequently that no person shall he bound by a judgment to which he was no party. We do not deem it necessary to adduce authorities in support of these truths.
But it has been suggested that, by suffering the testimony to be introduced, the defendant *196 not only waived any objection to its legality, but must be considered as having actually acquiesced in its content. The answer to that is, that the testimony was not improper, so far as it went to establish that Boudreaux had been sued-that judgment had been recovered against him-and that, on the execution, no property had been found to satisfy it. The defendant, therefore, acted consistently, when he made no objection to its introduction; but it does by no means follow. that he is to be viewed as having acquiesced in its contents, as settling the question of damages between him and the plaintiff.
Upon the whole, we are of opinion, that the district judge erred in considering the evidence produced in this case as proving against the defendant the amount of damages, which the de~ fendant was liable to pay.
It is, therefore, ordered, adjudged and decreed, that the judgment of the district court be annulled, avoided and reversed ; and this court, proceeding to give such judgment as, in in their opinion, ought to have given, does order, adjudge and decree, that the plaintiff, no having shewn the amount of the damages he has sustained, do recover one dollar, with the costs of the suit in the district court.
Brent for the plaintiff, the defendant in pro-pria personâ.